IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edwin Reeves Hazel III, | ) | C/A No.: 1:09-2640-SB-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Captain C. McElvogue and Sgt. Sheets, | ) | |
| Defendants. | ) | |

Plaintiff, who is proceeding *pro se* in this action, is an inmate at Berkeley County Detention Center. Plaintiff has asserted claims under 28 U.S.C. § 1983, alleging various claims of violations of his constitutional rights. Before the court are the following motions: (1) Plaintiff's Motion to Waive the Cost of Copies [Entry #17]; (2) Defendants' Motion for Summary Judgment [Entry #18]; (3) Plaintiff's Motion to Appoint Counsel [Entry #34]; (4) Plaintiff's Motion to Waive the Cost of Copies [Entry #40]; and (5) Plaintiff's Motion for Extension of Time and To Compel [Entry #41].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion for summary judgment is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

I.   Factual and Procedural Background

Plaintiff filed his original complaint in this action on November 7, 2009, an amended complaint on November 10, 2009, and a second amended complaint on January 13, 2010. Defendants filed a motion for dismissal/summary judgment on January 7, 2010. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' Motion. [Entry #21]. Plaintiff filed responses in opposition to Defendant's Motion. [Entries #24, #37]. Having carefully considered the parties' submissions and the record in this case, the court recommends Defendants' motion for summary judgment be granted, rendering moot the remaining motions.

Plaintiff, who is housed in protective custody, complains that Defendants have improperly placed inmates from "regular population" in his cell. (Compl. 3). Plaintiff alleges in his original complaint that these cellmates have threatened and harassed him. (*Id.*) He further alleges that his cellmates take his food and that one has slapped him in the face. (*Id.*) Plaintiff states that he is "depressed, stressed, and in fear." (*Id.*) Plaintiff alleges that Sgt. Sheets personally placed the inmates in Plaintiff's cell and Captain McElvogue "lets his staff do 'as they please.'" (*Id.*)

In his amended complaint, Plaintiff complains that a new "disciplinary segregated inmate" has been added to his cell, making a total of three. (Am. Compl. 1). In his second amended complaint, Plaintiff states he was moved to another cell which housed two other

inmates. (Second Am. Compl. 2). Plaintiff alleges that after entering this cell he has been assaulted by Inmate Lowery twice. (*Id.*) Plaintiff further alleges Inmate Lowery takes some of his food from each of Plaintiff's meals as "rent." (*Id.*)

II.  Standard of Review

A federal court must liberally construe pleadings filed by *pro se* litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see also Celotex v. Catrett*, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence

of an essential element in the case, on which that party will bear the burden of proof at trial. *See* Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the *Celotex* case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322-323.

III. Analysis

    A.    Failure to Provide Protection From Assault

Plaintiff's complaint alleges he has not been provided adequate protection from assault in violation of his constitutional rights. Although the conditions of confinement of pretrial detainees are evaluated under the Fourteenth Amendment, rather than the Eighth Amendment, which protects the rights of convicts, the analysis of a detainee's claim mirrors that of a convict's claim. Thus, federal courts have relied on decisions construing the Eighth Amendment in evaluating pretrial detainees' claims under the Fourteenth Amendment. *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998); *see also Chisolm v. Cannon*, No. 402-3473, 2006 WL 361375 at *3 (D.S.C. Feb.15, 2006).

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, not every injury suffered by one inmate at the hands of other inmates constitutes liability for the prison officials responsible for the victim's

safety. *Id.* at 835. A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *Id.* at 828. "[A] prison official may be held liable under the Eighth Amendment ... only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. The test is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregard that risk. "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837. Further, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Applying these principles to the facts alleged in the complaint, the undersigned concludes that Plaintiff fails to state facts sufficient to establish a claim for failure to protect. Plaintiff does not present any evidence to show that the Defendants named in his complaint knew of a specific risk of serious harm to Plaintiff and consciously disregarded that risk. Instead, Plaintiff provides only conclusory allegations. In addition, in his initial and amended complaints Plaintiff admits he was removed from the inmates he originally feared. (*See* Pl.'s Opp'n [Entry #37] at 3). Plaintiff was then housed with other inmates in protective custody. (*Id.*) Plaintiff then asserted he was placed in a cell with another inmate he had reason to fear on December 30, 2009, who allegedly assaulted him and forced him to give up food as "rent." (Second Am. Compl; Pl.'s Opp'n at 4). However, shortly after Plaintiff made these allegations in his second amended complaint, it appears his

complaints were resolved.[1] Thus, it appears that Defendants moved Plaintiff after they were notified[2] of any harm to Plaintiff or risk thereof. Based on the foregoing, the Plaintiff has failed to state a claim regarding failure to provide protection from assault.

B.    Qualified Immunity

Defendants also assert that they are entitled to qualified immunity in their individual capacities. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 (1982), established the standard which the court is to follow in determining whether the defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609

---

[1] Plaintiff's Second Amended Complaint was signed January 7, 2010. Plaintiff's Opposition brief [Entry #37] lists January 9, 2010 as the last day he was forced to give up food as rent and Plaintiff makes no further allegations of assault.

[2] Documents filed in this lawsuit are the only written documentation the parties have presented with regard to any of the claims or defenses in this matter. It appears that Plaintiff has failed to exhaust his administrative remedies in this matter, as he filed this lawsuit within four days of the harm in which he complains. However, because Plaintiff claims the Berkeley County Detention Center has no grievance policy and Defendants have put forth no evidence to dispute this allegation, the undersigned does not address this defense of Defendants.

(1999); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Further, the Supreme Court held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." *Wilson*, 526 U.S. at 609. If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). As discussed above, Plaintiff has failed to present sufficient evidence to support his constitutional violation allegations. Nevertheless, *assuming arguendo* that Plaintiff has presented sufficient evidence of a constitutional violation, Defendants are entitled to qualified immunity from suit.

In *Maciariello v. Sumner*, 973 F.2d 295 (4th Cir. 1992), the Fourth Circuit further explained the theory of qualified immunity:

> Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Moreover, there are two levels at which the immunity shield operates. First, the particular right must be clearly established in the law. Second, the manner in which this right applies to the actions of the official must also be apparent. Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.

*Maciariello*, 973 F.2d at 298.

In the instant case, Plaintiff has failed to establish any theory of liability upon the part of Defendants, and, furthermore, Plaintiff has failed to establish the existence of any constitutional deprivation. However, if the court were to find that Plaintiff has established

some theory of liability upon the part of Defendants, and therefore, the existence of a constitutional deprivation, Defendants are still entitled to qualified immunity. The record before the court shows that as to Plaintiff and the specific events at issue, these Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion. They did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the discretionary exercise of their respective professional judgments. Thus, to the extent the district judge finds that a constitutional violation occurred, these Defendants are entitled to qualified immunity.

IV. Conclusion

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment [Entry #18] be granted and this case be dismissed in its entirety. If the district judge accepts this recommendation, all other pending motions will be moot.

IT IS SO RECOMMENDED.

July 15, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**