IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
JSDC, CLERK, CHARLESTON, SC

2010 SEP 10 A 9: 45

Edwin Reeves Hazel III, )
)
    Plaintiff, )   Civil Action No. 1:09-2640-SB-SVH
)
v. )
)   **ORDER**
Captain C. McElvogue and Sgt. Sheets, )
)
    Defendants. )
_____ )

This matter is before the Court upon the pro se complaint of Plaintiff Edwin Reeves Hazel III ("the Plaintiff"), brought pursuant to 42 U.S.C. § 1983. The record contains the report and recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Civil Rules for this District. In the R&R, the Magistrate Judge recommends that the Court grant the Defendants' motion for summary judgment, rendering moot the Plaintiff's remaining motions. The Plaintiff filed timely objections to the R&R pursuant to 28 U.S.C. § 636(b)(1).

## STANDARD OF REVIEW

The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

## DISCUSSION

The Plaintiff filed his original complaint in this action on October 8, 2009, an amended complaint on November 10, 2009, and a second amended complaint on January

13, 2010. In this action, the Plaintiff alleges that the Defendants violated his constitutional rights by failing to protect him from assault by other inmates. Specifically, the Plaintiff alleges that he was housed in protective custody but that the Defendants regularly confined him with inmates from the general population and inmates being held in disciplinary segregation and that he suffered harassment and assaults as a result.

On January 7, 2010, the Defendants filed a motion for summary judgment, asserting: that the Plaintiff failed to allege a constitutional violation; that the Plaintiff failed to exhaust his administrative remedies; and that the Plaintiff failed to allege a cause of action for supervisory liability. The Plaintiff filed a response in opposition as well as various motions for extensions of time, for copies, and for the appointment of counsel.

The Magistrate Judge issued an R&R on July 15, 2010, analyzing the issues and concluding that the Plaintiff failed to state facts sufficient to establish a claim for failure to protect. The Magistrate Judge noted that the Plaintiff provided only conclusory allegations to show that the Defendants knew of a specific risk of harm and consciously disregarded that risk. The Magistrate Judge did not address the Defendant's exhaustion argument because, although it appears that the Plaintiff failed to exhaust his remedies (as he filed this lawsuit four days after the initial harm of which he complains), the Plaintiff also asserted that the detention center had no grievance policy, and ultimately, the Defendants provided no evidence to dispute this assertion. Next, however, the Magistrate Judge determined that the Defendants were entitled to qualified immunity because even if the Plaintiff had alleged the deprivation of a constitutional right, the record shows that the Defendants performed their official, discretionary functions reasonably. Accordingly, the Magistrate Judge recommended that the Court grant the Defendants' motion for summary

2

judgment and dismiss this case in its entirety.

The Plaintiff filed timely objections to the R&R. In his objections, however, the Plaintiff merely rehashes his arguments and disputes the Magistrate Judge's conclusions outright. Essentially, the Plaintiff asserts that he has stated an Eighth Amendment claim[1] and that the Defendants are not entitled to qualified immunity. Ultimately, after a comprehensive review of the record, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law and that the Plaintiff's objections are without merit. Accordingly, the Court adopts the R&R in whole and incorporates it into this order by specific reference, and the Court overrules the Plaintiff's objections.

Based on the foregoing, it is therefore

**ORDERED** that the Defendants' motion for summary judgment (Entry 18) is granted; the R&R (Entry 53) is adopted and incorporated into this order; the Plaintiff's objections (Entry 55) are overruled; and any other pending motions are deemed moot.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

September 9, 2010
Charleston, South Carolina

---

[1] As the Magistrate Judge noted, the conditions of confinement of pre-trial detainees are evaluated under the Fourteenth Amendment rather than the Eighth Amendment. However, federal courts have relied on decisions construing the Eighth Amendment in evaluating a pre-trial detainee's claims under the Fourteenth Amendment because the analysis is largely the same.

3